IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JEANINE B., et al.,

    Plaintiffs,

v.                                           Case No. 93-C-547

JAMES E. DOYLE, et al.,

    Defendants.

## CONSENT ORDER

1. WHEREAS plaintiffs are monitoring compliance with the Settlement Agreement approved by Order of this Court on December 2, 2002, and for the purpose of monitoring or enforcing settlement compliance may require access to various records kept about class members in the care and custody of the Bureau of Milwaukee Child Welfare ("BMCW");

2. WHEREAS certain records about children in the care or custody of the BMCW are confidential under Wis. Stat. § 48.78, and can only be disclosed under specified circumstances, including by order of the court pursuant to Wis. Stat. § 48.78(2)(a);

3. WHEREAS BMCW is a subdivision of defendant Wisconsin Department of Health and Family Services ("DHFS");

4. WHEREAS DHFS will split into two newly created departments, effective July 1, 2008, and BMCW thereafter will be a subdivision of the newly created Wisconsin Department of Children and Families ("DCF");

5. WHEREAS the parties agree to substitute DCF for defendant DHFS in this lawsuit pursuant to Fed. R. Civ. P. 25(c) contemporaneously with the July 1, 2008, effective date for DCF operation, waiving the notice and hearing provisions of Fed. R. Civ. P. 25(a)(3) and (c); and

6. WHEREAS the parties consent to this form of Order and stipulate to its provisions;

IT IS HEREBY ORDERED that:

7. DCF is substituted for defendant DHFS effective July 1, 2008;

8. DHFS and DCF are authorized to disclose confidential records and information about class members in the care and custody of the BMCW, or any successor subdivision of DCF, to legal counsel for the parties as necessary for monitoring, modification and enforcement of the settlement agreement in this case approved in December 2002;

9. Except as provided in paragraphs 10 and 11 of this Order or as otherwise permitted in Wis. Stat. §§ 48.78 and 48.981(7), neither the parties nor their legal counsel shall disclose to any person any confidential records or information described in paragraph 8 of this Order;

10. A party and the party's legal counsel may disclose the confidential records and information described in paragraph 8 of this Order to employees of the party's legal counsel who are assisting in the monitoring of this case and to

2

professionals (experts) and their employees who have been retained by a party in connection with this case. A person to whom a disclosure is made pursuant to this paragraph may re-disclose such information only to a party's legal counsel or to a person otherwise entitled under this Order to receive the information. Before disclosing any information subject to this paragraph, the person making the disclosure shall inform the person to whom the disclosure is made of the contents of this Order. A party or other person authorized to disclose confidential information under this paragraph shall only do so in connection with monitoring, modification or enforcement of the December 2002 settlement approved in this case and shall limit the disclosure to that which is necessary for such monitoring, modification or enforcement;

11. A party and the party's legal counsel may disclose the confidential records and information described in paragraph 8 of this Order to the Court or to any mediator or arbitrator in connection with settlement monitoring, modification or enforcement proceedings in this case, and, as necessary in those proceedings, to employees of the Court, a mediator or an arbitrator. A person to whom a disclosure is made pursuant to this paragraph may re-disclose such information only to a party's legal counsel or to a person otherwise entitled under this Order to receive the information. Before disclosing any information subject to this paragraph, the person making the disclosure shall inform the person to whom the disclosure is made of the contents of this Order. A party or other person authorized to disclose confidential information under this paragraph shall only do so in connection with monitoring,

3

modification or enforcement of the December 2002 settlement approved in this case and shall limit the disclosure to that which is necessary for such monitoring, modification or enforcement; and

12. In any proceeding in this case in which any party intends to make use of records or information produced pursuant to paragraph 8 of this Order, the names, addresses, and any other personally identifying information of any class members, their family members, or other protected individuals shall be redacted. Age or year of birth need not be redacted when age of a class member or other individual is relevant and material to the proceeding in which the records or information are produced.

FOR PLAINTIFFS:

/s Eric Thompson
Eric Thompson, Esq.
Children's Rights, Inc.
330 Seventh Ave., 4th floor
New York, N.Y. 10001
(212) 683-2210
Dated: April 16, 2008

Attorneys for Jeanine B., et al.

FOR DEFENDANTS:

/s Mary E. Burke
Mary E. Burke
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Dated: April 15, 2008

Attorneys for James E. Doyle, et al.


SO ORDERED:

Dated this 18th day of April, 2008.

BY THE COURT:

Hon. Rudolph T. Randa
U.S. District Judge