IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JEANINE B., et al.,

      Plaintiffs,

      v.                                   Case No. 93-C-547

SCOTT WALKER, et al.,

      Defendants.

NOTICE OF PROPOSED MODIFICATION OF SECTION I.D.9.
OF THE MODIFIED SETTLEMENT AGREEMENT

# PLEASE TAKE NOTICE:

**TO:**   **All Children Who are in Foster Care in Milwaukee County or Who Come into Foster Care in Milwaukee County**

**Legal Representatives of the Children Described Above**

I.    *BACKGROUND INFORMATION.*

This notice involves a lawsuit known as *Jeanine B., et al. v. Scott Walker, et al.*, which concerns the rights of children described above. **If you are one of these children, or if you are the legal representative of one or more of these children, then you should read this notice.**

The *Jeanine B.* lawsuit was filed in June 1993 in the United States District Court for the Eastern District of Wisconsin ("the Court"). In the lawsuit, the plaintiff children alleged that the foster care system in Milwaukee County failed to comply with its duties to these children under the United States Constitution and certain federal statutes. Supplemental Complaints were filed

in 1999 and 2000, after the State of Wisconsin assumed direct responsibility for administering the child welfare system in Milwaukee County effective January 1, 1998.

The Court certified this lawsuit as a class action. That means that the lawsuit involves the rights of all members of the class.

The lawyers for the parties negotiated a Settlement Agreement, which required the state-administered foster care system in Milwaukee County to meet or exceed certain performance measures that were phased in over a three-year period. The Court approved the Settlement Agreement in December 2002.

The Settlement Agreement established interim performance measures to be met by the state Bureau of Milwaukee Child Welfare ("BMCW") for the first and second years of the Settlement Agreement implementation period. The Settlement Agreement also established final performance measures to be met by the end of the third year of the implementation period, or until thereafter satisfied for two consecutive six-month periods. When all final performance measures have been met, the parties will ask the Court to terminate the Settlement Agreement.

The original Settlement Agreement has been modified once, in 2003. The resulting Modified Settlement Agreement now governs the parties.

BMCW has met, and been released from, all but two of the final performance measures included in the Modified Settlement Agreement. BMCW met one of those remaining final performance measures for the period July 1 – December 31, 2011, and will be released from that performance measure if it again meets the final performance measure for the period January 1 – June 30, 2012.

The parties now have agreed to modify the other remaining final performance measure, Section I.D.9., subject to approval of the Court and as described in the next section of this Notice.

II. *PROPOSED MODIFICATION OF SECTION I.D.9. AGREED TO BY THE PARTIES.*

Section I.D.9. measures the placement stability of children taken into BMCW custody. The parties have agreed to two changes in the Section I.D.9. placement stability measure.

First, the current Section I.D.9. placement stability measure requires calculation of the percentage of children in BMCW custody who have had three or fewer placements since January 1, 1999, during their current episode in BMCW custody. The parties have agreed to modify the Section I.D.9. placement stability measure to instead calculate the percentage of children in BMCW custody who have had three or fewer placements during the previous 36 calendar months of their current episode in BMCW custody. By refocusing the calculation on relatively recent placement stability, the modified measure will more accurately reflect BMCW's current placement stability performance and thereby provide more useful information about the effectiveness of BMCW's strategies to improve placement stability. Also, because the parties originally anticipated only a three-year settlement implementation period during which the Settlement Agreement performance measures would be measured and met, this modification reinstates a Section I.D.9. placement stability calculation more closely approximating the calculation intended by the parties when the lawsuit was settled.

Second, the proposed modification would exclude short stays in initial assessment centers when a child first comes into BMCW custody from the number of that child's placements used to perform the Section I.D.9. calculation. BMCW created initial assessment centers pursuant to

another provision of the original Settlement Agreement. The initial assessment centers are intended to promote placement stability by permitting careful assessment of a child's specific needs before placing that child in an out-of home setting, in order to facilitate an appropriate and therefore stable placement for the child. These initial assessment center stays for teenagers are limited to a maximum of 60 days under state law. Because these initial assessment center stays are different in character and purpose from the longer-term placements included in the Section I.D.9. calculation, and are actually intended to promote placement stability, the parties have agreed that they should not be included in the Section I.D.9. placement stability calculation.

Changes to the actual language of Section I.D.9. agreed to by the parties are set forth below. Language to be deleted from current Section I.D.9. is indicated by strike-through. Language to be added to current Section I.D.9. is indicated by underlining. Other portions of the Section I.D.9. language would not change.

> At least the following percentages of children in BMCW custody within the period shall have had three or fewer placements ~~after January 1, 1999,~~ during <u>the previous 36 calendar months of</u> their current episode in BMCW custody. The number of placements will exclude time-limited respite care placements and returns to the same caregiver after an intervening placement during the same out of care episode. Those children in BMCW custody through the Wraparound Milwaukee program shall be excluded from this calculation. <u>Initial assessment center placements also will be excluded from the calculation</u>.
>
> Period 1 80%
> Period 2 82%
> Period 3 90%

The parties have agreed that the effective date for these changes to Section I.D.9. will be July 1, 2012.

To accomplish this modification of Section I.D.9., the defendants in this lawsuit (Governor Scott Walker and the Wisconsin Department of Children and Families) have filed an unopposed motion to modify Section I.D.9. of the Modified Settlement Agreement. United

States District Judge Rudolph T. Randa has preliminarily approved the proposed modification of Section I.D.9., authorized distribution of this Notice pursuant to a plan agreed to by the parties, and approved the public review and comment procedures described below. The proposed Section I.D.9. modification will become effective if Judge Randa so orders at the conclusion of these review and comment procedures.

III. *OPPORTUNITY TO REVIEW ADDITIONAL INFORMATION ABOUT THE PROPOSED MODIFICATION OF SECTION I.D.9.*

The parties have entered into an Agreement to Modify Section I.D.9. of the Modified Settlement Agreement Dated November 14, 2003 ("the I.D.9. Agreement"). Class members or their legal representatives may obtain copies of the I.D.9. Agreement by contacting Linda Ashley at BMCW. Ms. Ashley may be reached by telephone at (414) 220-7063, or by email at *linda.ashley@wisconsin.gov*.

Class members or their legal representatives who have questions about the I.D.9. Agreement or the proposed modification of Section I.D.9. may contact Attorney Eric Thompson. Attorney Thompson represents the class members and works for Children's Rights, Inc., located in New York City. Attorney Thompson's toll-free telephone number is (888) 283-2210. Attorney Thompson also may be reached by email at *ethompson@childrensrights.org*.

Class members or their legal representatives also may review the related materials that the parties have filed with the Court by going to the Office of the Clerk at the United States District Court for the Eastern District of Wisconsin in Milwaukee, which is located in the United States Courthouse at 517 East Wisconsin Avenue, Milwaukee, Wisconsin. To review materials in the public record of this case, refer to Case No. 93-C-547. Attorneys also may view filings on the Court's electronic document case filing ("ECF") system at *https://ecf.wied.uscourts.gov*.

IV. *OPPORTUNITY TO COMMENT ABOUT THE PROPOSED MODIFICATION OF SECTION I.D.9.*

If they wish, class members or their legal representatives may submit written comments to the Court regarding the proposed modification of Section I.D.9. Attorneys must submit their comments through the Court's ECF system. Persons who are not attorneys must submit their comments by sending or delivering a letter to the Court at the following address:

> The Honorable Rudolph T. Randa
> District Judge
> United States District Court
> Eastern District of Wisconsin
> 517 East Wisconsin Avenue
> Milwaukee, WI 53202

All comments must be **received** by the Court no later than 4:30 p.m. **Friday, May 18, 2012**. All comments must be signed by the author; the name, address, and telephone number of the author must be legibly typed or printed; and the comments must refer to Case No. 93-C-547. Comments may not be submitted by FAX, email, or telephoning the Court.

**PLEASE NOTE: THE PARTIES' AGREEMENT TO MODIFY SECTION I.D.9. AS DESCRIBED IN THIS NOTICE AND THE OPPORTUNITY TO PROVIDE RELATED COMMENTS TO THE COURT DO NOT CONCERN ANY INDIVIDUAL CHILD'S CASE THAT IS PENDING IN THE MILWAUKEE COUNTY CHILDREN'S COURT OR ANYTHING ELSE RELATED TO THE MODIFIED SETTLEMENT AGREEMENT OR THIS LAWSUIT. THIS NOTICE, THE I.D.9. AGREEMENT, AND THE OPPORTUNITY TO PROVIDE COMMENTS ALL CONCERN ONLY THE PROPOSED MODIFICATION OF SECTION I.D.9. AGREED TO BY THE PARTIES AND DESCRIBED IN SECTION II ABOVE.**

It is not anticipated that a court hearing will be held regarding the proposed modification of Section I.D.9.

V.    *ORDER*.

The Court has reviewed and now approves for distribution the contents of this Notice of Proposed Modification of Section I.D.9. of the Modified Settlement Agreement.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2012.

                                   **BY THE COURT**:

                                   _____
                                   **HON. RUDOLPH T. RANDA**
                                   **U.S. District Judge**